IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN G. WESTINE,

        Petitioner,

                                CIVIL ACTION
    vs.                             No. 11-3146-RDR

LISA J.W. HOLLINGSWORTH,

        Respondent.

MEMORANDUM AND ORDER

This matter comes before the court on petitioner's application for habeas corpus relief filed pursuant to 28 U.S.C. § 2241.

**Background**

Petitioner is serving the last of several federal sentences, namely, a six-year probation revocation sentence imposed in the U.S. District Court for the Central District of California.

Petitioner initially was sentenced on tax evasion charges on July 16, 1990, in the Central District of California, to a 5-year sentence with a consecutive 1-year sentence, with all but 90 days suspended, and a 5-year term of probation. However, he failed to voluntarily surrender as directed.

Petitioner later was sentenced to two Sentence Reform Act (SRA) sentences.  On April 8, 1991, he was sentenced in the Central District of California to a 21-month sentence for Failure to Surrender for Service of Sentence.  On July 2, 1992, he was sentenced in the U.S. District Court for the Southern District of Ohio to a 235-month consecutive term for wire/mail fraud and money laundering.

The Bureau of Prisons (BOP) computed petitioner's sentence and aggregated the SRA sentences for a term of 256 months beginning April 4, 1991, with 101 days of credit for December 29, 1990, through April 7, 1991.  This computation resulted in a release date of November 2, 2009, with good conduct time.

On September 16, 1993, petitioner's probation was revoked in the Central District of California on his original 6 year sentence.  As a result, the BOP prepared a sentence computation for his "Old Law" sentence, based on a 6 year-consecutive term beginning on November 2, 2009, with one day of credit for April 4, 1990.  This calculation resulted with an Expiration Full Term Date (EFT) of May 20, 2015.  No actual release date could be determined, as that decision was within the discretion of the United States Parole Commission (USPC).

On April 19, 2011, the USPC issued a Notice of Action (NOA) with a parole effective date of July 29, 2011.  Pursuant to

2

Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and 18 U.S.C. § 3624(b), a prisoner serving a term of more than one year and less than a life term receives credit toward the sentence, beyond the time served, of 54 days at the end of each year, unless the BOP determines that the prisoner has not been substantially in compliance with institutional disciplinary regulations. Petitioner received a total disallowance of 108 days of good conduct time due to disciplinary infractions.

In June 2011, the BOP conducted a release audit of petitioner's sentence computation and discovered an error concerning disallowances of good conduct time that had not been taken against his aggregated SRA sentence.  When the error was corrected, petitioner's release date from the SRA sentence was adjusted to October 30, 2009.  Petitioner's Old Law sentence also was adjusted, resulting in the current parole eligibility date of October 31, 2011.

The BOP notified the USPC of the corrected sentence computation and the resulting adjustments, and in July 2011, the USPC issued a second notice of action setting a parole effective date of October 31, 2011.  The USPC also imposed special conditions, including drug and alcohol aftercare, Residential Re-Entry Center placement, and a requirement for disclosure of

3

all personal and business financial records upon request.

## Discussion

Respondent asserts the petition should be denied on two grounds: first, because petitioner failed to exhaust administrative remedies, and second, because his sentence computation was properly revised.

*Exhaustion of remedies*

A prisoner must exhaust available remedies before seeking habeas corpus relief under § 2241. *Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir.2010); *Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir. 1986)(federal prisoner must exhaust administrative remedies before bringing petition pursuant to § 2241).

Here, the record shows petitioner has not presented his claims through the administrative remedies available to federal prisoners. (Doc. 10, Attach. 1, Sheldrake declar., ¶ 10, Ex. C.) This matter, therefore, is subject to dismissal on that ground.

*Computation of sentence*

Petitioner does not challenge the disciplinary actions underlying the good time disallowance; rather, he appears to claim the good time was vested[1] and that it was error to disallow

---

[1]Doc. 11, Traverse, p. 4.

4

the time credited after the release audit showed a failure to properly compute his sentence.

"It is well-settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Howard v. United States Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007)(*quoting Mitchell v. Maynard,* 80 F.3d 1433, 1444 (10th Cir. 1996)).

However, while petitioner has a liberty interest in good time credits, that interest is protected by due process requirements in administrative disciplinary proceedings; it does not entitle petitioner to benefit from an error in sentence computation. Here, the disallowance of good conduct time was based upon plaintiff's undisputed disciplinary history, which includes infractions for fighting, possessing a dangerous weapon, and two attempted escapes. (Doc. 10, Attach. 2, Roush declar., ¶ 10, Ex. F.) The correction of an error in sentence computation did not deny petitioner any protected liberty interest.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion for judgment (Doc. 12) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 20th day of October, 2011.


                         S/ Richard D. Rogers
                         RICHARD D. ROGERS
                         United States Senior District Judge